**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4604**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

RICKY ALLEN MOORE,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (1:12-cr-00018-JAB-1)

Submitted:  February 5, 2013   Decided:  February 27, 2013

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Moore pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2006). The district court sentenced Moore to twenty-one months' imprisonment, to run consecutively with a state sentence imposed for violation of the terms of Moore's probation. On appeal, Moore argues that the district court abused its discretion by imposing a consecutive sentence. For the following reasons, we affirm.

We review a sentence for reasonableness, applying a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). We first review for significant procedural errors, including whether the district court failed to consider the § 3553(a) factors. Gall, 552 U.S. at 46. If we find a sentence procedurally reasonable, we then consider substantive reasonableness, applying a totality of the circumstances test. Id. Finally, where, as here, the sentence is within the Guidelines range, the court may apply a presumption of reasonableness. Id.

Moore contends that his sentence is procedurally unreasonable because the district court did not explicitly consider the factors in the commentary to U.S. Sentencing

2

Guidelines Manual ("USSG") § 5G1.3(c) (2011) for imposing a sentence on a defendant already subject to an undischarged term of imprisonment. A district court "need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling." United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (dealing with the district court's alleged failure to consider Guidelines policy statements when revoking a defendant's supervised release). The central issue at Moore's sentencing hearing was whether to impose a consecutive sentence; the issue was fully presented and argued. Therefore, we conclude that Moore's sentence is procedurally reasonable.

Moore also contends that the district court did not provide sufficient reasons for imposing a consecutive sentence. We disagree. The district court explained that it believed a consecutive sentence was necessary to give effect to the punishment imposed for the crime that Moore had committed, which was separate from the sentence imposed as a result of his parole violation. We discern no infirmity in this reasoning. Therefore, we conclude that Moore's sentence is also substantively reasonable and that the district court did not abuse its discretion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4